**J. R. WILKERSON, AKA Adonai El-Shaddai, AKA James Wilkerson, Plaintiff-Appellant,**

v.

**M. D. STAINER, Secretary, CDCR, Individual Capacity; et al., Defendants-Appellees.**

No. 17-55287

United States Court of Appeals, Ninth Circuit.

Submitted November 15, 2017 *

Filed November 21, 2017

J. R. Wilkerson, Pro Se

Andrew M. Gibson, AGCA-Office of the California Attorney General, Los Angeles, CA, Neah Huynh, Deputy Attorney General, AGCA—Office of the California Attorney General, San Francisco, CA, for Defendant-Appellee

Before: CANBY, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

J.R. Wilkerson, aka Adonai El-Shaddai, aka James Wilkerson ("El-Shaddai") appeals pro se from the district court's judgment dismissing his action brought under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, alleging constitutional and statutory violations related to the exercise of his religion.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We have jurisdiction under 28 U.S.C. § 1291. We affirm.

In his opening brief, El-Shaddai failed to challenge the district court's screening order dismissing his second amended complaint for failure to state a claim, and therefore El-Shaddai has waived any such challenge. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]rguments not raised by a party in its opening brief are deemed waived."); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . .").

In light of our disposition, appellees' motions to revoke El-Shaddai's in forma pauperis status (Docket Entry No. 5) and to take judicial notice (Docket Entry No. 6) are denied as moot.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.